Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff*
TROY COVEY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY COVEY,<br><br>    Plaintiff,<br><br>v.<br><br>SEVENSKIN BEAUTY LLC;<br>OLIVIA GRIFFIAN, individually;<br>and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-3944<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TROY COVEY, by and through his undersigned counsel, brings this Complaint against Defendants, SEVENSKIN BEAUTY LLC; OLIVIA GRIFFIAN, individually; and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

## PARTIES

2. Troy Covey ("Covey") is an individual and professional photographer residing in New York.

3. Upon information and belief, Seven Skin Beauty Collect LLC ("SevenSkin") is a California limited liability company duly organized and existing under the laws of California with a place of business at 1121 Queen Anne Place, Los Angeles, California 90019.

4. Upon information and belief, Olivia Griffian ("Griffian") is an individual residing in the State of California and is or was at all relevant times the principal officer, owner, or member of the Defendant business entity named in this Complaint (Seven Skin Beauty Collect LLC).

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this judicial district, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

10. Troy Covey is a successful commercial photographer specializing in beauty photography.

11. Covey licenses his work for a fee. Covey's client list includes Lune + Aster, Briogeo, Clinque, Target, Peloton, Versed Skincare, e.l.f., and *SHAPE Magazine*.

12. Covey's portfolio of work is available for viewing by the general public at https://troycovey.com/ ("Covey Website).

13. Covey' livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Covey's work deters would-be infringers from copying and profiting from his work without permission.

14. Covey is the sole author and exclusive rights holder to a close-up beauty shot of a model using skincare products on her face ("Skincare Photograph").

15. Attached as Exhibit A is a true and correct copy of the Skincare Photograph.

16. Covey registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196 with an Effective Date of Registration of March 18, 2019.

17. Upon information and belief, SevenSkin is a specialty skin care destination that merges technology, beauty, and science for non-invasive skin care solutions and emerging treatment.

18. Upon information and belief, SevenSkin offers its clients anti-aging beauty products, including LED light therapy masks, and educates its clients on skincare regimens, treatments, and product ingredients.

19. Upon information and belief, SevenSkin is the owner and operator of the website https://sevenskinbeauty.com/ ("SevenSkin Website").

20. SevenSkin maintains a Facebook page at https://www.facebook.com/sevenskinbeauty/photos/?ref=page_internal ("SevenSkin Facebook Page").

21. The SevenSkin Website can be accessed from the SevenSkin Facebook Page.

22. Attached as Exhibit B is a true and correct screenshot of the SevenSkin Facebook Page showing the access location of the SevenSkin Website https://www.facebook.com/sevenskinbeauty/?ref=page_internal.

23. Upon information and belief, SevenSkin generates content on the SevenSkin Website and the SevenSkin Facebook Page to attract user traffic, promote its products, and increase its customer base and revenue for the company.

24. At all relevant times, the SevenSkin Website and the SevenSkin Facebook Page were readily accessible to the general public throughout California, the United States, and the world.

25. Upon information and belief, Griffian is or was at all relevant times the principal officer, owner, or member of SevenSkin, and had a direct financial interest in the content and activities of the SevenSkin Website and the SevenSkin Facebook Page (including the activities alleged in this Complaint).

26. Upon information and belief, the Defendant SevenSkin and Defendant Griffian were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

27. At all relevant times, Defendants, including Defendant Griffian, had the ability to supervise and control all content on the SevenSkin Website and SevenSkin Facebook Page.

28. On or about December 7, 2021, Covey discovered his Skincare Photograph being used by SevenSkin on the SevenSkin Facebook Page in a post describing moisturizing as an essential step in skincare routines.

29. Attached hereto as Exhibit C are true and correct screenshots of the Skincare Photograph as used on the SevenSkin Facebook Page on December 7, 2021.

30. Covey did not consent to or authorize Defendants to use or display the Skincare Photograph on the SevenSkin Facebook Page.

31. In no event did Covey offer or provide Defendants with a license to use or display the Skincare Photograph in any manner.

32. Covey is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Skincare Photograph and caused it to be uploaded to and displayed on the SevenSkin Facebook Page.

33. Covey is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Skincare Photograph and used, displayed, communicated, and otherwise held out to the public Covey's original and unique Skincare Photograph in order to acquire a direct financial benefit, through revenue from the sales of SevenSkin's products, from the use of the Skincare Photograph.

34. Covey is informed and believes Defendants knew they did not have permission to use the Skincare Photograph on the SevenSkin Facebook Page and willfully infringed his rights in the Skincare Photograph.

35. Covey, through counsel, sent cease and desist correspondence to Defendants and communicated with Griffian several times by email in January 2022 in an attempt to resolve this matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

36. Covey incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Covey owns a valid copyright in the Skincare Photograph.

38. Covey registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Covey's unique and original Skincare Photograph without Covey's consent or authorization in violation of 17 U.S.C. § 501.

40. Covey is informed and believes and thereon alleges that Defendants willfully infringed upon his rights in his copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license to use the Skincare Photograph.

41. As a result of Defendants' violations of Title 17 of the U.S. Code, Covey is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

42. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

43. Covey is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Covey prays for judgment against Defendants, as follows:

- For a finding that Defendants infringed Covey's copyright interest in the Skincare Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Covey's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all of Covey's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

9

- For any other relief the Court deems just and proper.

Dated: June 9, 2022      Respectfully submitted,

            **s/ Mathew K. Higbee**
            Mathew K. Higbee, Esq.
            California Bar No. 241380
            **HIGBEE & ASSOCIATES**
            1504 Brookhollow Dr., Ste 112
            Santa Ana, CA 92705-5418
            (714) 617-8350
            (714) 597-6559 facsimile
            Email: mhigbee@higbeeassociates.com
            *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Troy Covey, hereby demands a trial by jury in the above matter.

Dated: June 9, 2022                    Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
*Attorney for Plaintiff*