Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
TROY COVEY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TROY COVEY**, <br><br> Plaintiff, <br><br> v. <br><br> **SEVENSKIN BEAUTY LLC; OLIVIA GRIFFIAN, individually; and DOES 1-10, inclusive,** <br><br> Defendants. | **Case No. 2:22-cv-03944-MWF-PDx** <br><br> **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGEMENT** <br><br> **Filed and Served Concurrently:** <br><br> 1. [Proposed] Order for Judgment <br><br> 2. Declaration of Mathew K. Higbee <br><br> Judge:        Hon. Michael W. Fitzgerald <br> Courtroom:   5A <br> Hearing Date: September 26, 2022 <br>                    10:00 a.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Hon. Michael W. Fitzgerald of the above-titled court, located at Courtroom 5A, of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Plaintiff Troy Covey ("Plaintiff") will move for an Order for Entry of Default Judgment against Defendants SevenSkin Beauty LLC and Olivia Griffian ("Defendants"), pursuant to Federal Rules

of Civil Procedure 55(b)(2). Defendants have been properly served with the Complaint and are aware of this action, but have not appeared.

In the alternative, Plaintiff would request that the Court consider this matter appropriate for disposition without a hearing pursuant to Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiff requests the following relief:

1.     A permanent injunction, pursuant to 17 U.S.C. §502, restricting Defendant and its agents, servants, employees, attorneys, successors, licensees, partners, assigns, and all those acting directly or indirectly in concert or participation with any of them, from infringing, by an means and inducing copyright infringement by any means of the exclusive rights of Plaintiff and its affiliates, under the Copyright Act, including but not limited to direct copyright infringement, inducement to infringe copyrights, contributory infringement, and vicarious copyright infringement.

2.     An award to Plaintiff in the sum of $11,707.00, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringements alleged in the Complaint, totaling $8,000.00; (b) attorney's fees totaling $3,075.00; (c) costs of suit totaling $632.00; and (d) post-judgment interest pursuant to 28 U.S.C. § 1961.

This Motion is brought on the grounds that entry of default judgment is appropriate in this case because: (1) Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2), (2) Plaintiff would suffer prejudice if default judgment is not entered because it would be denied the right to judicial resolution of its claims, (3) the Complaint sets forth prima facie claims showing that Defendants are liable for copyright infringement, (4) Plaintiff seeks $8,000 in statutory damages under the Copyright Act, which constitutes a reasonable award in light of Defendants' willful and brazen infringement, (5) there is no possibility of dispute regarding the material facts of the case, and (6) Defendants' default did not result from excusable neglect, because inter alia, Defendants had adequate and ample notice of lawsuit and their obligation to defend themselves.

Notice of this Motion was served on Defendant SevenSkin by mailing a copy to its registered agent. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶ 34. Notice of this Motion was served on Defendant Griffian by mailing a copy to her last known address. *Id.*

Defendants are not minors, incompetent, or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940. Higbee Decl. ¶ 17.

As a courtesy, Notice of this Motion was also emailed to Defendants at the email address, sevenskinbeauty@gmail.com.

This Motion is based on this Notice of Motion and Motion for Default Judgment, the attached memorandum of points and authorities, the Declaration of Mathew K. Higbee in support, and the pleadings, files, and other materials that are on file with the Court or may be presented at the hearing.

Dated: August 26, 2022                     Respectfully submitted,


                                           **/s/ Mathew K. Higbee**
                                           Mathew K. Higbee, Esq.
                                           Cal. Bar No. 241380
                                           **HIGBEE & ASSOCIATES**
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705
                                           (714) 617-8350
                                           (714) 597-6729 facsimile
                                           mhigbee@higbeeassociates.com
                                           *Counsel for Plaintiff*

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This is a copyright infringement lawsuit, pursuant to 17 U.S.C.§ 101 et. seq., arising from SevenSkin Beauty LLC ("SevenSkin") and Olivia Griffian's ("Griffian") unauthorized use of a photograph owned by Troy Covey ("Covey").

Covey is a professional photographer specializing in beauty photography. (Doc. 1 ¶ 10). Covey has licensed his photographs to Lune + Aster, Briogeo, Clinque, Target, Peloton, Versed Skincare, e.l.f., and *SHAPE Magazine*. [Doc. 1 ¶ 11].

Covey is the sole author and exclusive rights holder to a close-up beauty shot of a model using skincare products on her face ("Skincare Photograph"). (Doc. 1 ¶ 14; Doc. 1-1; Exhibit A). Covey registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196 with an Effective Date of Registration of March 18, 2019. [Doc. 1 ¶ 16]; Decl. Higbee Decl. ¶¶ 18, 20 and Exhibit 1 attached thereto.

Defendant SevenSkin is a California limited liability company. [Doc. 1 ¶ 3]; Decl. of Higbee Decl. ¶ 5 and Exhibit 1 attached thereto. According to the California Secretary of State website, Defendant Sevenskin's agent for service of process is Olivia Griffian located at 1121 Queen Anne Place, Los Angeles, California 90019. Decl. of Higbee Decl. ¶ 6 and Exhibit 1 attached thereto.

SevenSkin is a specialty skin care destination that offers its clients anti-aging beauty products, non-invasive skin care solutions, and emerging treatments and educates its clients on skincare regimens and treatments. [Doc. 1 ¶¶ 17-18]; *see also*

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

*https://www.facebook.com/sevenskinbeauty/?ref=page_internal*;

https://sevenskinbeauty.com/.

SevenSkin is the owner and operator of the website https://sevenskinbeauty.com/ ("SevenSkin Website"). [Doc. 1 ¶ 19]. SevenSkin maintains a Facebook page at https://www.facebook.com/sevenskinbeauty/photos/?ref=page_internal ("SevenSkin Facebook Page") [Doc. 1 ¶ 20; Doc 1-1, Exhibit B]. The SevenSkin Website can be accessed from the SevenSkin Facebook Page. [Doc. 1 ¶ 21; Doc 1-1, Exhibit B]. SevenSkin generates content on the SevenSkin Website and the SevenSkin Facebook Page to attract user traffic, promote its products, and increase its customer base and revenue for the company. [Doc. 1 ¶ 23].

Griffian is or was at all relevant times the principal officer, owner, or member of SevenSkin and had a direct financial interest in the content and activities of the SevenSkin Website and the SevenSkin Facebook Page. [Doc. 1 ¶ 25]. SevenSkin and Griffian were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other. [Doc. 1 ¶ 26]. At all relevant times, SevenSkin and Griffian had the ability to supervise and control all content on the SevenSkin Website and SevenSkin Facebook Page. [Doc. 1 ¶ 27].

On or about December 7, 2021, Covey discovered his Skincare Photograph being used by SevenSkin on the SevenSkin Facebook Page in a post describing moisturizing as an essential step in skincare routines. [Doc. 1 ¶ 28; Doc. 1-1, Exhibit

2

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

C]. Covey did not consent to or authorize Defendants to use the Skincare Photograph on the SevenSkin Facebook Page. [Doc. 1 ¶ 30]. In no event did Covey offer or provide Defendants with a license to use or display the Skincare Photograph in any manner. [Doc. 1 ¶ 31].

Covey, through counsel, sent cease and desist correspondence to SevenSkin and Griffian and communicated with Griffian several times by email in January 2022 in an attempt to resolve this matter. [Doc. 1 ¶ 35].

On June 9, 2022, Covey filed the instant lawsuit against Defendants SevenSkin and Griffian alleging Defendants had engaged in willful copyright infringement of Covey's Skincare Photograph. [Doc. 1 ¶¶ 30-34].

On or about June 16, 2022, Defendant SevenSkin was served through its registered agent pursuant to Rule 4 of the Federal Rules of Civil Procedure. Higbee Decl. ¶ 10; [Doc. 20]. On July 19, 2022, an executed Proof of Service was filed with the Court for Defendant SevenSkin. Higbee Decl. ¶ 11; [Doc. 20]. On or about June 16, 2022, Defendant Griffian was served with the Summons and the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Higbee Decl. ¶ 12; [Doc. No. 14]. On June 24, 2022, an executed Proof of Service was filed with the Court for Defendant Griffian. Higbee Decl. ¶ 13. [Doc. No. 14].

On July 8, 2022, an attorney with Higbee & Associates, who was assisting Mr. Higbee with this matter, sent an email to Olivia Griffian at the email address listed on the SevenSkin Beauty Website, sevenskinbeauty@gmail.com, and reminded Ms. Griffian of the lawsuit and advised Ms. Griffian that Plaintiff's counsel had begun

3

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

proceedings to seek a default judgment against the named-defendants in the Complaint because no response had been filed within the prescribed period of time under the Federal Rules. Higbee Decl. ¶ 14 and Exhibit 3 attached thereto. On July 21, 2022, the Clerk entered Default against SevenSkin Beauty [Doc. 22], and on July 12, 2022, the Clerk entered Default against Olvia Griffian [Doc. 19].

## II. PLAINTIFF IS ENTITLED TO ITS REQUESTED RELIEF

In addition to the applicable procedural requirements, a court's decision to grant default judgment is guided by a list of seven factors known as the *Eitel* factors. *See Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *see also Michael Grecco Productions, Inc. v. WrapMarket, LLC,* 2017 WL 10434020, at *2 (C.D.Cal., 2017) (granting default judgment based on *Eitel* factors). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987). While a plaintiff must "prove up" damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entm't Group Inc. v. Bryant,* 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004).

Plaintiff has satisfied the procedural requirements of the Federal Rules, and the *Eitel* factors weigh in favor of entering default judgment.

### A. The Procedural Requirements For Default Judgment Are Satisfied

The requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1 plainly have been met. On June 16, 2022, pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff served the Summons and Complaint on Defendant SevenSkin's Registered Agent ([Doc. 20]; Higbee Decl. ¶ 10) and also served the

4

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Summons and Complaint on Defendant Griffian ([Doc. No. 14]; Higbee Decl. ¶ 12). On July 21, 2022, the Clerk entered Defendant SevenSkin's default as to the Complaint. [Doc. 22]; Higbee Decl. ¶ 16. On July 12, 2022, the Clerk entered Defendant Griffian's default as to the Complaint. [Doc. 19]. Defendants are not minors, incompetent, or in the military services, and the Service Members Civil Relief Act of 2003 (50 U.S.C. App. § 501 et seq.) does not apply. Higbee Decl. ¶ 17.

**B.     The Allegations of the Complaint, Taken as True, Establish Defendants' Liability for Copyright Infringement**

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

To satisfy the first element, a certificate of registration validly obtained from the Copyright Office before first publication of a work constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate, including ownership. *See* 17 U.S.C. § 410(c). In this case, Plaintiff is entitled to this statutory presumption because he registered the Skincare Photograph with the Copyright Office prior to its publication.

Plaintiff alleges in the Complaint that he is the exclusive rights holder to the Skincare Photograph. [Doc. 1 ¶ 14]. Plaintiff also alleges in the Complaint that he registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196. [Doc. 1 ¶ 16]; *see* Higbee Decl. ¶ 18 and Exhibit 4 attached thereto. Registration Number VAu 1-349-196 has an effective registration date of March 18, 2019, and the photographs covered in the registration, including the Skincare Photograph, were unpublished at the time of registration. [Doc. 1 ¶ 16]; *see* Higbee Decl. ¶ 18 and Exhibit 4 attached thereto. Because the Skincare Photograph was registered prior to its first publication, the certificate of registration constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate, including Plaintiff's ownership. *See* 17 U.S.C. § 410(c).

5

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Thus, Plaintiff has satisfied the first element of his copyright infringement claim.

To satisfy the second element, Plaintiff alleges that Griffian is or was at all relevant times the principal officer, owner, or member of the SevenSkin and had a direct financial interest in the content and activities of the SevenSkin Facebook Page. [Doc. ¶¶ 4, 25]; *see also* Higbee Decl. ¶ 8 and Exhibits 1-2 attached therero. Plaintiff also alleges that SevenSkin and Griffian were at all relevant times acting as agents and alter egos for each other, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, and had the ability to supervise and control all content on the SevenSkin Facebook Page. [Doc. ¶¶ 26-27]. Finally, Plaintiff alleges Defendants created an unauthorized copy of the Skincare Photograph and caused it to be uploaded to and displayed on the SevenSkin Facebook Page. [Doc. ¶¶ 30-33; Doc. 1-1, Exhibit C]. Plaintiff also attached a copy of the original Skincare Photograph and a copy of the SevenSkin Facebook Post which incorporated the unauthorized Skincare Photograph created by Defendants to his Complaint. [Doc. 1-1, Exhibits A and C]; *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 4 1987) ("[A] 'striking similarity' between the works may give rise to a permissible inference of copying.").

Thus, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to establish that Defendants are liable for copyright infringement.

**C.      The *Eitel* Factors Warrant Entry of Default Judgment**

As previously discussed, a court's decision to grant default judgment is guided by seven factors. *See Eitel,* 782 F.2d at 1471-1472.

*(1) Possibility of Prejudice:* The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel,* 782 F.2d at 1471-72. Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005); *Bryant,* 2004 WL 783123, at *3. Without a default judgment, Plaintiff would be deprived of the right to judicial resolution of its claims for copyright infringement, and Defendants will have benefitted from their willful infringement.

6
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

***(2) Merits of Claim and (3) Sufficiency of Complaint:*** The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As set forth above, Plaintiff has sufficiently stated its claim for relief.

***(4) Amount at Stake:*** Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). Where the infringement was willful, the award rises to $150,000 per infringement. 17 U.S.C. § 504(c)(2). As the prevailing party, Plaintiff also is entitled to his reasonable attorneys' fees. 17 U.S.C. § 505; *see Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party"). As a result of Defendant's unlawful conduct, Plaintiff prayed for injunctive relief, statutory damages, and reasonable attorneys' fees and costs.

Because Defendant's conduct was willful (as discussed in more detail *infra* at Section III (B)), Plaintiff is entitled to seek up to $150,000 per work infringed, but has instead requested the substantially lower amount of $8,000.00, based on approximately five times the license fee of $1600.00 for comparable beauty portrait photographs that Covey previously licensed for commercial use on a cosmetic company's website for one year. *See* Higbee Decl. ¶ 21 and Exhibit 5 attached thereto. The requested damages are manifestly reasonable. *See BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395 (S.D.N.Y. 2016) (Holding that Plaintiff is entitled to an award of statutory damages in the amount of five times the licensing fee for the image because of the degree of willfulness in this case and the need to deter future infringement).

***(5) Possibility of Dispute Regarding Material Facts:*** The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel,* 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

material facts because the factual allegations of Plaintiff's Complaint are taken as true. *Marcelos v. Dominguez,* 2009 WL 230033, at *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the Complaint are straightforward, confirmed by Plaintiff's investigation and the screenshots attached to the Complaint, and are not subject to reasonable dispute.

**(6) Possibly of Excusable Neglect:** Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel,* 782 F.2d at 1471-72. Defendants failed to answer or file a responsive pleading despite proper notice of this action and his infringing conduct. Defendants' conduct is not excusable, because they were served with process, yet never made any attempt to file a responsive pleading. *Ibid*; *see Meadows v. Dom. Rep.,* 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."); *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 14 SEP 15 995, 1005 (N.D. Cal. 2001) (when properly served with complaint and notice of entry of default defendant's default not attributable to excusable neglect). Furthermore, as discussed *infra* at Section I, Plaintiff's counsel sent an email to Olivia Griffian and advised Ms. Griffian that Plaintiff's counsel had begun proceedings to seek a default judgment against the named-defendants in the Complaint. Higbee Decl. ¶ 14 and Exhibit 3 attached thereto. Defendants still failed to make any attempt to answer or file a responsive pleading.

**(7) Policy for Deciding Case on the Merits:** The final *Eitel* factor considers the preference for deciding cases on the merits. *Eitel* 782 F.2d at 1471-72. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Caridi,* 346 F. Supp. 2d at 1073. Here, the only reason this lawsuit cannot proceed to the merits is because Defendants, *after notice,* failed to appear and defend this action.

In sum, the balance of *Eitel* factors weigh in Plaintiff's favor, and the Court should grant this motion and enter default judgment against Defendants.

## III.     PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

8

### A.    Plaintiff is Entitled to a Permanent Injunction

Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a). For a court to grant a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff has shown actual success on the merits through default. In the absence of a permanent injunction, Defendants may continue displaying Plaintiff's Skincare Photograph, and Plaintiff would be likely to suffer irreparable harm in the form of diminished market value of his Skincare Photograph and loss of licensing fees. The balance of equities tip in Plaintiff's favor because without a permanent injunction, Defendants may continue to display the Skincare Photograph causing further irreparable harm. Finally, the public interest is not unduly burdened because "the public receives a benefit when the legitimate rights of copyright holders are vindicated." *Apple Inc. v. Psystar Corp.*, 673 F. Supp 2d 943, 950. Therefore, Plaintiff is entitled to permanent injunctive relief.

### B.    Plaintiff is Entitled to an Award of Statutory Damages

Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If, as here, the infringement is willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2).

Under the current Copyright Act, a copyright owner may recover either the "actual damages and any additional profits of the infringer," or "statutory damages," but not both. 17 U.S.C. § 504(a). The copyright owner may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such

9

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

evidence, although it was available." *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261 (5th Cir. 2020) (quoting 4 *Nimmer,* § 14.04[A]); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). Furthermore, "when the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991)).

Here, willfulness is indisputable because the Complaint's pleaded allegation of willfulness is conclusively deemed true upon default. *See Rodgers v. Anderson,* 2005 WL 950021, *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (since plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

Plaintiff seeks a statutory damages award of $13,172 representing approximately five times the licensing fee for the Skincare Photograph. Covey previously licensed four similar beauty photographs for use on cosmetic company's website for $1,600 each. Higbee Decl. ¶ 23 and Exhibit 5 attached thereto; *see BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395 (S.D.N.Y. 2016) (Holding that Plaintiff is entitled to an award of statutory damages in the amount of five times the licensing fee for the image because of the degree of willfulness in this case and the need to deter future infringement).

### C.       Plaintiff is Entitled to Reasonable Fees and Costs

As the "prevailing party," Plaintiff is entitled to an award of attorneys' fees and "full costs." 17 U.S.C. § 505; *see Streeter,* 438 F. Supp. 2d at 1074 (plaintiff securing

10

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

default judgment is "prevailing party"). Plaintiff is entitled to an award of attorneys' fees in the amount of $3,075.00. *See* Higbee Decl. ¶¶ 29-31. Plaintiff also seeks costs of $632. *See* Higbee Decl. ¶ 32.

## IV.   CONCLUSION

For all of the reasons set forth above, Plaintiff Troy Covey respectfully requests that he be awarded a total of $11,747.00 constituting $8,000.00 in statutory damages, $3,075.00 in attorney's fees, and $632.00 in costs; post-judgment interest at .79% per annum; and that Defendant be permanently enjoined from further infringing conduct.


DATED: August 26, 2022                          Respectfully submitted,

                                                **/s/ Mathew K. Higbee**
                                                Mathew K. Higbee, Esq.
                                                Cal. Bar No. 241380
                                                **HIGBEE & ASSOCIATES**
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705
                                                (714) 617-8350
                                                (714) 597-6729 facsimile
                                                mhigbee@higbeeassociates.com
                                                *Counsel for Plaintiff*

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

## CERTIFICATE OF SERVICE

I, the undersigned, say:

I am a citizen of the United States, and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.

My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On August 26, 22, I caused to be served a true and correct copy of the foregoing **Notice of Motion and Motion for Default Judgment; Declaration of Mathew K. Higbee; and [Proposed] Order for Judgment** on all parties in this action by placing true copies thereof in an enclosed in a sealed envelope and sending the sealed envelopes via First-Class U.S. mail, postage prepaid, to the last known address of each party as follows:

SevenSkin Beauty LLC
Olivia Griffian – Registered Agent
1121 Queen Anne Place
Los Angeles, California 90019

Olivia Griffian
1121 Queen Anne Place
Los Angeles, California 90019

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 26, 2022, at Santa Ana, California.

*/s/ Mathew K. Higbee*
Mathew K. Higbee

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**